NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2010[*]
Decided February 24, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1934

| | |
|---|---|
| DAVID CARTER,<br>    *Petitioner-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 07-1222 |
| MARCUS HARDY,<br>    *Respondent-Appellee*. | Joe Billy McDade,<br>*Judge*. |

**O R D E R**

David Carter ordered the killing of a prison warden. A state court in Illinois convicted him of first-degree murder in 1991 and sentenced him to life in prison. In this appeal from the dismissal of his petition for a writ of habeas corpus, see 28 U.S.C. § 2254, Carter argues that the district court erred in concluding that the petition is untimely. We affirm the judgment.

_____

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

Carter initially filed a § 2254 petition in 1997, but he subsequently unearthed an additional claim. That claim had not been presented to the Illinois courts, so Carter filed a state postconviction petition in 1998 and requested a stay in the federal proceedings while the Illinois courts considered his new claim. The district court granted that request in 1999. Later that year, however, the court granted the state's motion to dismiss Carter's petition without prejudice for failure to exhaust. The order of dismissal provided that Carter could refile after exhausting his claims in state court, without setting a deadline for refiling. Carter finally exhausted his state remedies on March 29, 2006, when the Supreme Court of Illinois declined to review the dismissal of Carter's postconviction petition. Carter, though, waited until March 2007 to return to federal court. The district court concluded that Carter had not been diligent in refiling his petition and thus it is time-barred.

Although Carter devotes the majority of his appellate briefs to his substantive claims, the district court could not consider those claims unless his petition is in fact timely. Carter argues that the absence of a refiling deadline in the 1999 order of dismissal meant that he had until March 29, 2007—one year after he exhausted his state postconviction remedies—to refile in federal court. There is no support for Carter's position. On the contrary, Carter needed to return to federal court within a reasonable time after exhausting his state-court remedies. We agree with the district court that waiting nearly a year to refile was not reasonable, and that Carter's lack of diligence caused his petition to be untimely. See *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

We have considered Carter's alternative arguments for excusing the untimeliness of his petition and conclude that they have no merit.

AFFIRMED.